SABATO ANTICO, Respondent, v. MICHAEL ANTICO and LENA ANTICO, His Wife, Defendants, Impleaded with ROSE GAROFOLO and Others, Appellants.— Order affirmed, with fifty dollars costs and disbursements. . No opinion. Lazansky, P. J., Young, Kapper, Scudder and Tompkins, JJ., concur.

JAMES H. BRIDGE, Respondent, v. HELEN C. FRICK, Appellant.— Order directing that a deposition be taken affirmed, with ten dollars costs and disbursements; examination to proceed on ten days' notice. No opinion. Lazansky, P. J., Young, Carswell and Scudder, JJ., concur; Hagarty, J., dissents and votes for reversal.

· ALFRED W. BUSBY and MABEL J. BUSBY, Appellants, v. H. MATHEWS GORDON, Respondent, and GARDEN CITY BANK AND TRUST COMPANY, Defendant. (Appeal No. 1.) — Order modified by striking therefrom the provision for posting a surety bond in the sum of $10,000 as a condition for the removal of the contents of the safe deposit box, and as so modified affirmed, with ten dollars costs and disbursements to appellants. In our opinion the respondent has no lien upon the personal property in question, and it was, therefore, improper to require plaintiffs to post a bond to secure a possible judgment in the respondent's favor as a condition of granting the mandatory injunction to compel delivery to plaintiffs of the property concededly belonging to them. Lazansky, P. J., Young, Kapper, Scudder and Tompkins, JJ., concur.

ALFRED W. BUSBY and MABEL J. BUSBY, Appellants, v. H. MATHEWS GORDON, Respondent, and GARDEN CITY BANK AND TRUST COMPANY, Defendant. (Appeal No. 2.) — Order in so far as it denies plaintiffs' motion to strike out the counterclaim affirmed, with ten dollars costs and disbursements. No opinion. Lazansky, P. J., Young, Kapper, Scudder and Tompkins, JJ., concur.

A. BURNSIDE CHESHIRE, as Administrator, etc., of TAGE FREDRIK GLEERUP, Deceased, Appellant, v. RAYMOND GUEST and HANS A. LUNDBERG, Respondents.— Order reversed on the law and the facts, with ten dollars costs and disbursements, and motion granted, with ten dollars costs, to the extent of requiring the defendants to serve a bill of particulars of the alleged contributory negligence of the decedent, and if such particulars are not within their knowledge, that they so state and declare their intention to rely upon the developments of the trial for proof of such affirmative defense. We think that the plaintiff's motion to the extent here indicated should be granted as a matter of discretion. The particulars or the statement should be served within ten days from the entry of the order herein. Lazansky, P. J., Young, Kapper, Scudder and Tompkins, JJ., concur.

MICHAEL GOLDSTEIN, Respondent, v. ALBERT SCHUR, Appellant.— Judgment and orders unanimously affirmed, with costs. No opinion. Present — Lazansky, P. J., Young, Hagarty, Tompkins and Davis, JJ.

RALPH GOLDSTEIN, an Infant, by MICHAEL GOLDSTEIN, His Guardian ad Litem, Respondent, v. ALBERT SCHUR, Appellant.— Judgment and orders reversed on the law and the facts, and a new trial granted, costs to appellant to abide the event, on the ground that the verdict is against the weight of evidence on the question of damages, which are excessive, unless within ten days from the entry of the order herein and service of a copy thereof upon the attorney for the respondent, the respondent stipulates to reduce the verdict to the sum of $2,500, in which event the judgment as so modified and the orders are unanimously